# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| WESTCHESTER  FIRE INSURANCE COMPANY, <br><br>        Plaintiff, <br><br> v. <br><br> ENVIROGUARD, LLC; CLEAN AIR CONSULTANTS, LLC; SILVERMINE EQUITIES, LLC; MARK COSTANTINI; LISA COSTANTINI; MARIO MARINI; and MICHELLE MARINI, <br><br>        Defendants. | 3:13 - CV - 1620 (CSH) <br><br><br> NOVEMBER 12, 2013 |

## ORDER

**HAIGHT, Senior District Judge:**

## I.     INTRODUCTION

Plaintiff Westchester Fire Ins. Co. ("Westchester") brings this action against three limited liability companies – Enviroguard, LLC ("Enviroguard"); Clean Air Consultants, LLC ("Clean Air"); and Silvermine Equities, LLC ("Silvermine") – and four individual defendants – Mark Costantini, Lisa Costantini, Mario Marini, and Michelle Marini – (collectively "Defendants") seeking to recover amounts owed under an indemnity agreement dated October 15, 2010 ("Agreement"). Specifically, Westchester alleges that Defendants entered into said Agreement as principals and indemnitors to induce Westchester "to execute, as surety, performance and payment bonds" for construction contracts to be performed by Enviroguard and Clean Air. Doc. 1, ¶¶ 13-15. Westchester asserts that

1

it "received claims on the Bonds from payment bond obligees for amounts owed to the obligees by Enviroguard and Clean Air and which they had failed to pay" and "[a]s a result, Westchester was required to, and did, pay the payment bond obligees a total of $134,186.49." *Id.*, ¶ 16.  Furthermore, Westchester alleges that it "has incurred legal and other expenses in the amount of $13,466.93 in connection with Enviroguard's and Clean Air's failure to pay their bonded obligations, and Westchester will continue to incur such expenses for the prosecution of this action." *Id.*, ¶ 17.[1]

In its Complaint, Westchester has asserted that this Court has subject matter jurisdiction based on diversity of citizenship.  Doc. #1, ¶ 1 (Jurisdiction and Venue).  *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States").[2]  However, as set forth below, Westchester has failed to allege sufficient facts to establish that such diversity of citizenship exists with respect to the limited liability companies.  Accordingly, the citizenship of the defendant limited liability companies must be confirmed before this action may proceed.[3]

---

[1]    The Court notes that Westchester mis-numbered the paragraphs in its Complaint by including two paragraphs numbered "16" and no paragraph numbered "19." The Court herein has cited ¶ 17 for the text appearing in the second ¶ 16, which appears directly before ¶ 18.

[2]    The element of jurisdictional amount is satisfied in that Westchester has alleged damages well in excess of $75,000.  Doc. 1, ¶¶ 2, 16-17, 21-22 (seeking total damages of $147,653.42, "plus any future loss, costs, fees or expenses incurred, plus interest and attorney's fees").

[3]    Plaintiff's Complaint alleges no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute.  Therefore, no "federal question" subject matter jurisdiction may be found under 28 U.S.C. § 1331.

2

## II.   <u>DISCUSSION</u>

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it.  As the Second Circuit has observed, "[f]irst is the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citing *Mt. Healthy City School District Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *accord Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").  The court must therefore "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction."  *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)).

In general, if subject matter jurisdiction is lacking, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  *See, e.g., Lovejoy v. Watson,* 475 F. App'x 792, 792 (2d Cir. 2012) ("[w]here jurisdiction is lacking, . . . dismissal is mandatory") (internal quotations and citation omitted)*; Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*,

at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, *dismissal is mandatory*.") (emphasis added).

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

In the Complaint in suit, Westchester alleges that it is "a Pennsylvania corporation, with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106 and is, accordingly, a citizen of the Commonwealth of Pennsylvania." Doc. 1, ¶ 4. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." From the allegations in the Complaint, Westchester is indeed a citizen of Pennsylvania for diversity purposes.

As to the individual defendants, Plaintiff alleges that each "is domiciled" in Connecticut and also provides their specific home addresses. *See* Doc. 1, ¶¶ 9-10 (Mark Costantini and Lisa Costantini both "resid[e] at 43 Crescent Place, Monroe, Connecticut 06448" and are "domiciled in the State of Connecticut"); ¶¶ 11-12 (Mario Marini and Michelle Marini both "resid[e] at 135 Governor Trumbull Way, Trumbull, Connecticut 06611" and are "domiciled in the State of Connecticut"). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Johnson v. Smithsonian Inst.*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing

4

*Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)).  *See also Martinez v. Bynum*, 461 U.S. 321, 331 (1983) ("In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e.,* "the place to which, whenever he is absent, he has the intention of returning."). Because the Costantini and Marini individual defendants are domiciled in Connecticut, they are all citizens of Connecticut for diversity purposes.

Citizenship is less than clear, however, with respect to the defendant limited liability companies. As to the citizenship of Enviroguard, Clean Air, and Silvermine, Plaintiff merely labels these entities as  "Connecticut limited liability compan[ies]" and then provides their "principal place[s] of business" within Connecticut.[4]  However, "a limited liability company takes the citizenship of *each of its members*." *Bayerische Landesbank, New York Branch v. Aladdin Capital Management*, 692 F.3d 42, 49 (2d Cir. 2012) (emphasis added).  *See also Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047

---

[4]  With respect to the defendant limited liability companies, Plaintiff alleges as follows:

6.    Defendant ENVIROGUARD, LLC (hereinafter "Enviroguard") is a Connecticut limited liability company, with its principal place of business at 81 Silvermine Road, Seymour, Connecticut 06483 and is, therefore, a citizen of the State of Connecticut.

7.    Defendant CLEAN AIR CONSULTANTS, LLC (hereinafter, ["]Clean Air") is a Connecticut limited liability company with its principal place of business [at] 81 Silvermine Road, Seymour, Connecticut 06483 and is, therefore, a citizen of the State of Connecticut.

8.    Defendant SILVERMINE EQUITIES, LLC, is a Connecticut limited liability company with its principal place [of] business [at] 81 Silvermine Road, Seymour, Connecticut 06483 and is, therefore, a citizen of the State of Connecticut.

Doc. 1, ¶¶ 6-8.

5

(2006) ("[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*").  Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[5]  Westchester has failed to provide the identities and citizenship of each member of the three defendant limited liability companies.  Citizenship of each member must be known to insure that complete diversity exists in this action between Westchester and all Defendants.

## III.   <u>CONCLUSION</u>

Upon review of the Complaint, the Court has determined that Plaintiff's factual allegations in support of subject matter jurisdiction are deficient.  Plaintiff  alleges that this Court "has jurisdiction over this action based upon the diversity of citizenship pursuant to 28 U.S.C. [§] 1332, in that Westchester Fire Insurance Company is a citizen of the Commonwealth of Pennsylvania and Defendants are citizens of the State of Connecticut." Doc. 1, ¶ 1.  Plaintiff then attempts to set forth the citizenship of each of the parties. However, the allegations regarding the citizenship of the defendant limited liability companies, Enviroguard, Clean Air, and Silvermine,  fail to include the identities and citizenship of each member of each limited liability company.  Plaintiff has thus failed to provide the facts necessary to determine  the citizenship of these three entities.

---

[5]   *See also  City of New York v. Mickalis Pawn  Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman  v.  Bedford  Vill.  Assocs.  Ltd.  P'ship*,  213  F.3d  48,  51–52  (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

"[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotations and citation omitted).  Therefore, in order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit,  the citizenship of each defendant limited liability company for diversity purposes as of the date Plaintiff commenced the action,  November 5, 2013.  That is,  Plaintiff must demonstrate the citizenship of each member of Enviroguard, Clean Air, and Silvermine by submitting  an affidavit explicitly setting forth the identities and state(s) of citizenship of each of their  members as of November 5, 2013.

Plaintiff shall file and serve this affidavit on or before **December 17, 2013.**   All case deadlines are hereby stayed pending the Court's review of the affidavit.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court will dismiss the action without prejudice to Westchester filing, if so advised, in an appropriate jurisdiction.

It is SO ORDERED.

Dated: New Haven, Connecticut
        November 12, 2013


                              */s/Charles S. Haight, Jr.*
                              CHARLES S. HAIGHT, JR.
                              SENIOR UNITED STATES DISTRICT JUDGE