UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No.<br>3:13 - CV - 1620 (CSH) |
| v. | |
| ENVIROGUARD, LLC; CLEAN AIR CONSULTANTS, LLC; SILVERMINE EQUITIES, LLC; MARK COSTANTINI; LISA COSTANTINI; MARIO MARINI; and MICHELLE MARINI, | JUNE 25, 2014 |
| Defendants. | |

**ORDER RE MOTION FOR WITHDRAWAL OF APPEARANCE [DOC. 23]**

**HAIGHT, Senior District Judge:**

## I. INTRODUCTION

Plaintiff Westchester Fire Insurance Company brings the present action against defendants Enviroguard, LLC; Clean Air Consultants, LLC; Silvermine Equities, LLC; Mark Costantini; Lisa Costantini; Mario Marini; and Michelle Marini, seeking to recover amounts owed under an indemnity agreement dated October 15, 2010. After the action commenced, Enviroguard, LLC ("Enviroguard") and individual defendants Mark Costantini and Lisa Costantini filed Chapter 7 petitions in bankruptcy in the United States Bankruptcy Court of the District of Connecticut. *See* Doc. 13 ("Notice of Bankruptcy" of Enviroguard, LLC – petition filed September 6, 2013) & Doc. 15 ("Notice of Bankruptcy" of Lisa Costantini and Mark Costantini – petition filed January 29,

1

2014). Pursuant to 11 U.S.C. § 362(a), the action was automatically stayed against the three defendant debtors upon the filing of their bankruptcy petitions.

Pending before the Court is Attorney Stephen P. Wright's motion for leave to withdraw his appearance as counsel of record for defendants Mario Marini and Michelle Marini (herein the "Marini Defendants") pursuant to Local Rule 7(e) of Civil Procedure. Doc. 23. Wright states that "good cause exists for the granting of this motion" in that "there has been an irreparable breakdown in the attorney-client relationship and a breach of the retention agreement between counsel and the Defendants." *Id.*, p. 1.

In support of his motion to withdraw, Wright also cites Connecticut Rule of Professional Conduct 1.16, which provides that counsel may withdraw his representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.'" *Id.*, p. 1. Wright contends that the Marini Defendants' "inability to maintain the relationship with counsel" places him "in a precarious position of not being able to properly defend" them and/or of "having to spend considerable time and out-of-pocket costs if he is not permitted to withdraw." *Id.*, p. 2. Because the litigation is in its early stages, "with substantial discovery" yet to be completed by both parties, Wright maintains that his withdrawal should be permitted at this time. *Id.*

## II. DISCUSSION

In general, the court "has a great deal of discretion in deciding a motion for withdrawal of

counsel." *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D.Conn.2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999)). Pursuant to Local Rule 7(e) of Civil Procedure, "[w]ithdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw." D. Conn. L. Civ. R. 7(e). However, "[i]n cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party." *Id.*

"As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court . . . to determine whether withdrawal is permissive or mandatory given the facts presented."[1] *Eaton v. Coca-Cola Co.*, 640 F.Supp. 2d 203, 206 (D.Conn. 2009) (quoting *Vachula,* 199 F.R.D. at 457). Pursuant to Connecticut's Rules of Professional Conduct and the case law applying those Rules in this District, when there has been "an irreparable breakdown in [the] attorney-client relationship," withdrawal of representation is often "warranted," and in circumstances of conflict of interest, even "required." *CP Solutions PTE, Ltd. v. General Elec. Co.*, 550 F.Supp. 2d 298, 302 (D.Conn. 2008) (granting

---

[1] Local Rule 83.2(a)(1) of Civil Procedure for the District of Connecticut adopts the Rules of Professional Conduct, "as approved by the Judges of the Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut." D. Conn. L. Civ. R. 83.2(a)(1). *See also Haye v. Ashcroft*, No. Civ.A. 3:01CV414 (CFD), 2004 WL 1936204, at *2 n.3 (D.Conn. Aug. 27, 2004).

counsel's motion to withdraw in circumstances where counsel could "no longer communicate directly with their client;" citing, *inter alia*, Conn. R. Prof'l Conduct 1.16(a)(1), 1.16(b)(4), & 1.7(a)). *See also Eaton v. Coca-Cola Co.*, 640 F.Supp. 2d 203, 206 (D.Conn. 2009) (finding "good cause" for counsel to withdraw where counsel's relationship with client was "irrevocably broken;" citing Conn. R. Prof'l Conduct 1.16(b)).

In the case at bar, Wright represents that the breakdown of his attorney-client relationship with the Marini Defendants has impeded his ability to "properly defend" them. Doc. 23, p. 2. He further asserts that they have broken the terms of their retention agreement with him. *Id.*, p.1. He argues that if he is not allowed to withdraw, representation of the Marini Defendants will become unreasonably difficult, causing him to expend "considerable time" and pay "out-of-pocket costs" on their behalf, especially where "substantial discovery" has yet to be completed. *Id.*, p. 1-2. Wright has warned the Marini Defendants that, due to "an irreparable breakdown" in their relationship, he seeks to withdraw his appearance on their behalf in this action. *Id.*, p. 1. To that end, he mailed to them a copy of his present motion by "certified mail" on May 30, 2014. *Id.*, p. 3 ("Certification").

More than three weeks have elapsed and there is no indication that the Marini Defendants have responded in any way. They have not objected to Wright's motion. Moreover, no replacement or additional counsel has entered an appearance on their behalf. They have also failed to inform the Court of a desire or intention to proceed *pro se.*

Under these circumstances, the Court finds that good cause exists for permissible withdrawal pursuant to Rule 1.16(b) of the Connecticut Rules of Professional Conduct. *See* Conn. R. Prof'l Conduct 1.16(b) (5)-(6) (allowing withdrawal where "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer

will withdraw" and representation of the client "will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client").

Therefore, pursuant to D. Conn. L. Civ. R. 7(e), the Court hereby informs the Marini Defendants that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of Wright's motion to withdraw [Doc. 13] and "may result in a . . . default being entered" against them. D. Conn. L. Civ. R. 7(e).

### III. CONCLUSION

In light of the irreparably broken relationship between counsel Stephen P. Wright and his clients, Defendants Mario Marini and Michelle Marini, the Court hereby declares that it will grant Wright's motion to withdraw his Appearance [Doc. 23] on **July 25, 2014.** On or before the close of business on that date, each Marini Defendant must either: (1) secure new counsel and direct that counsel to enter an appearance on his and/or her behalf or (2) file a *pro se* appearance (*i.e.*, appear himself and/or herself) in this action. Failure of either Marini Defendant to comply with this Order may result in a default being entered against him or her.

The Clerk is directed to mail a copy of this Order to the Marini Defendants by certified mail at the following address: 40 Sturbridge Lane, Trumbull, CT 06611.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         June 25, 2014

                                                           /s/Charles S. Haight, Jr.
                                                         CHARLES S. HAIGHT, JR.
                                                         Senior United States District Judge