# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ENVIROGUARD, LLC; CLEAN AIR CONSULTANTS, LLC; SILVERMINE EQUITIES, LLC; MARK COSTANTINI; LISA COSTANTINI; MARIO MARINI; and MICHELLE MARINI, <br><br> Defendants. | 3:13 - CV - 1620 (CSH) <br><br><br> **JUNE 25, 2015** |

### RULING ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

**HAIGHT, Senior District Judge:**

### I.  INTRODUCTION

In this diversity action, Plaintiff Westchester Fire Ins. Co. ("Plaintiff" or "Westchester") seeks to recover amounts owed under an indemnity agreement (dated October 15, 2010)  against three limited liability companies – Enviroguard, LLC ("Enviroguard"); Clean Air Consultants, LLC ("Clean Air"); and Silvermine Equities, LLC ("Silvermine")  – and four individual defendants – Mark Costantini and Lisa Costantini (also the "Costantini Defendants"), and Mario Marini, and Michelle Marini (also the "Marini Defendants") –  (all collectively "Defendants").   In its prior Ruling [Doc . 26], dated February 23, 2015, the Court granted Attorney Stephen P. Wright's motion to withdraw his appearance on behalf of the Marini Defendants and also "direct[ed] the Clerk to

enter default against Defendants Mario Marini, Michelle Marini, Clean Air Consultants, LLC, and Silvermine Equities, LLC" pursuant to Rule 55(a), Fed. R. Civ. P.[1]

Specifically, the Marini Defendants had failed to obey the Court's prior Order [Doc. 24], which directed them to,  "[o]n or before the close of business" on July 25, 2014, "(1) secure new counsel and direct that counsel to enter an appearance on his and/or her behalf or (2) file a *pro se* appearance (*i.e.*, appear himself and/or herself) in this action."  2014 WL 2881507, at * 3. The Marini Defendants were also each warned that failure to comply with this Order "may result in a default being entered against him or her."[2]  *Id.*  (quoting D. Conn. L. Civ. R. 7(e)).  Despite the passage of the Court's deadline by more than six months, neither Marini secured new counsel or entered a *pro se* appearance.  Accordingly, both were in default.

With respect to Clean Air Consultants, LLC, and Silvermine Equities, LLC, neither of these limited liability companies have entered an appearance, answered, or defended in this action.  They were thus also properly subject to default, Fed. R. Civ. P. 55(a).

However, as to the remaining defendants –  *i.e.*, Enviroguard, LLC, Lisa Costantini, and Mark Costantini –  the Court clarified that an automatic stay, pursuant to 11 U.S.C. § 362(a), had

---

[1]  Rule 55(a), Fed. R. Civ. P., provides that  "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

[2]  In the body of its June 25, 2014 Order, the Court explicitly stated:

[P]ursuant to D. Conn. L. Civ. R. 7(e), the Court hereby informs the Marini Defendants that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of Wright's motion to withdraw [Doc. 13] and "may result in a . . . default being entered" against them. D. Conn. L. Civ. R. 7(e).

2014 WL 2881507, at *3.

entered upon the filing of their respective Chapter 7 bankruptcy petitions.  2014 WL 2881507, at *1

("Pursuant to 11 U.S.C. § 362(a), the action was automatically stayed against the three defendant

debtors upon the filing of their bankruptcy petitions.").  *See also* Doc. 26, at 4 ("The automatic stay

remains in effect as to those debtors.");  Doc. 13 ("Notice of Bankruptcy" of Enviroguard, LLC

dated January 28, 2014); and Doc. 15 ("Notice of Bankruptcy" of Lisa Costantini and Mark

Costantini dated February 5, 2014).[3]  The automatic stay has remained in effect from the dates of the

bankruptcy filings as to the three debtors.[4]  As Plaintiff concedes, "[t]o Plaintiff's knowledge, the

Bankruptcy actions of Defendants Enviroguard, Mark Constantini [sic] and Lisa Constantini [sic]

[are] currently unresolved."  Doc. 30-1, ¶ 19.

---

[3]   Enviroguard filed its Chapter 7 petition in bankruptcy in the United States Bankruptcy Court, District of Connecticut, on September 6, 2013 (Case No. 13-31720).  Mark and Lisa Costantini filed their joint  Chapter 7 bankruptcy petition in the same court on January 29, 2014 (Case No. 14-50125).

[4]    As  this Court previously  explained, the automatic bankruptcy stay has no application to the non-debtor defendants.  *See, e.g., Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Thomson Kernaghan & Co. v. Global Intellicom, Inc.*, Nos. 99 Civ. 3005(DLC), 99 Civ. 3015(DLC), 2000 WL 640653, at *14 (S.D.N.Y. May 17, 2000) (except in "unusual circumstances," "Section 362 limits the extension of an automatic stay to a proceeding against the debtor" – *i.e.*, does not encompass non-bankrupt co-defendants); *In re Metal Center*, 31 B.R. 458, 462 (Bankr. D.Conn. 1983) ("Generally, the automatic stay does not apply to proceedings against nondebtors.");  *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 4-5 (1st Cir. 1983) ("the Bankruptcy Court was correct in deciding that the automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor"), *cert. denied*, 463 U.S. 1247 (1983).

The Court placed both Clean Air and Silvermine on notice that they are non-debtors in this action.  Therefore, if they intended to argue that the automatic stay should extend to them, they were instructed to file separate bankruptcy petitions or demonstrate exceptional circumstances to warrant extension of the stay.  *See* Doc. 22, at 4 n. 2 (explaining that an individual member of a limited liability company and the company itself are separate entities for bankruptcy purposes and must therefore file separate bankruptcy petitions) (citing *In re McCormick*, 381 B.R. 594, 598 (Bankr. S.D.N.Y. 2008)).  Neither Clean Air nor Silvermine made any such submission regarding bankruptcy in this case.

In response to the Court's Ruling [Doc. 26], the Clerk erroneously entered default against *all* Defendants [Doc. 27] pursuant to Rule 55(a), Fed. R. Civ. P. As described above, each of the defaults was proper, *except* those against the debtors, whose bankruptcy actions have not been resolved. The Court takes judicial notice that the bankruptcy actions of both Enviroguard and the Costantini Defendants remain pending in the United States Bankruptcy Court for the District of Connecticut.[5] Therefore, absent proof from Plaintiff that it filed a successful motion for relief from the automatic stay in bankruptcy court for each of the three debtor defendants, the automatic stay of this action remains in effect. Accordingly, the Court will vacate the erroneous defaults entered by the Clerk [Doc. 27] *as to defendants Enviroguard, LLC, Lisa Costantini, and Mark Costantini*.

Pending before the Court is Plaintiff's motion for entry of default *judgment* against all defendants [Doc. 30] "in the amount of $134,186.49, plus interest and costs allowed," pursuant to Rule 55(b)(1), Fed. R. Civ. P., requesting that the Clerk enter judgment because the requested damages comprise "a sum certain." No response has been filed by any defendant despite service of the motion upon them [Doc. 30-13] and expiration of the allowable twenty-one (21) day period to respond, D.Conn. L. Civ. R. 7(a).

In light of the erroneous entry of default against the bankruptcy debtors, the Court must deny the motion for default judgment [Doc. 30] with respect to Enviroguard, LLC; Mark Costantini, and Lisa Costantini. The automatic bankruptcy stay bars further proceedings against these defendants in this action until the relevant bankruptcy actions are closed.

On the other hand, as to the defendants against which entry of default was proper – namely,

---

[5] For the relevant case numbers in the United States Bankruptcy Court for the District of Connecticut, *see* n. 3, *supra*.

Clean Air Consultants, LLC,  Silvermine Equities, LLC,  Mario Marini, and Michelle Marini – the Court will address the merits of the motion for default judgement and resolve it herein.

## II.  DISCUSSION

### A.  Legal Standard Governing Default Judgment

Pursuant to Rule 55, Fed. R. Civ. P., the process of obtaining a default judgment in a federal civil action involves two distinct steps.  As the Second Circuit summarized in *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005):

> The first step is to obtain a default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended. Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person. *See* Fed. R. Civ. P. 55(b)(1).  'In all other cases,' Rule 55(b)(2) governs, and it requires a party seeking a judgment by default to apply to the court for entry of a default judgment.

Furthermore, "[i]t is well established that a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Cablevision of S. Conn. Ltd. Partnership v. Smith*, 141 F.Supp.2d 277, 281 (D.Conn. 2001) (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir.1999)); *accord World Wrestling Entertainment, Inc. v. Ausbert De Arce*, No. 3:03-CV-1568 (DJS), 2006 WL 236752, at * 1 (D.Conn. Jan. 27, 2006).

In civil cases, "where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984). Thus, pursuant to Fed. R. Civ. P. 55(b), the Court may grant default judgment against a party that

5

"has failed to plead or otherwise defend" an action brought against it and "that failure [has been] shown by affidavit or otherwise." Fed. R. Civ. P. 55(a)-(b).

Once a district court determines that a defendant is in default, all reasonable inferences should be drawn in favor of the prevailing party. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981). As the Second Circuit recently articulated:

> A court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law *when the factual allegations of the complaint are taken as true*.

*Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015) (emphasis added) (citing *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 137 (2d Cir. 2011)).

Moreover, "it is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992)). Thus, upon default a district court should accept "as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp.,* 653 F.2d at 65.

To insure proper entry of default judgment, it is incumbent on the Court to review whether the allegations of the complaint state a legal claim. *See, e.g., Evanauskas v. Strumpf,* No. 3:00-CV-1106 (JCH), 2001 WL 777477, at *1 (D.Conn. June 27, 2001) ("before [default] judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim

for relief on each of the causes of action for which the plaintiff seeks judgment by default") (citing *Au Bon Pain Corp.,* 653 F.2d at 65)*;  LaBarbera v. Interstate Payroll Co.*, No. 07-CV-1183 (FB)(MDG), 2008 WL 766982, at *1 (E.D.N.Y. Mar. 20, 2008) (upon default, "[a] district court must nevertheless determine whether the allegations state a claim upon which relief may be granted") (citing *Au Bon Pain Corp*., 653 F.2d at 65); *Leider v. Ralfe*, No. 01-CV-3137 (HB)(FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) ("[e]ven after [a] default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law") (citation omitted).

**B.      Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)**

In the case at bar, as to step one in the process toward default judgment, the Clerk has erroneously entered default as to all defendants.  In response,  Plaintiff now seeks entry of default judgment, step two, against all defendants in light of their failure to appear or answer.

As set forth *supra*, Plaintiff is not entitled to entry of default as to those defendants who are covered by the automatic bankruptcy stay, 11 U.S.C. § 362(a) – *i.e.*, Enviroguard and the Costantini Defendants.  Plaintiff has given no indication that it has sought relief from the automatic stay against these debtor defendants in bankruptcy court, much less that such an attempt, if any, was successful. Therefore, Plaintiff may not continue to prosecute this action against the debtor defendants at this time.  The default against Enviroguard and the Costantini Defendants shall be vacated.

With respect to the non-debtor defendants – *i.e.*,  Clean Air, Silvermine, and the Marini Defendants –  entry of default was proper  under Rule 55(a), Fed. R. Civ. P., in that each was sent repeated notice regarding  failure to appear.  None of these non-debtor defendants came forward to

object to entry of default or to show cause why the default, once entered, should be reopened.

In determining whether default judgment should enter against Clean Air, Silvermine, and the Marini Defendants, the Court has examined the well-pleaded allegations of Plaintiff's breach of contract claim regarding the indemnity agreement. As to each non-debtor defendant, the Court finds that the Complaint states a legal claim. In particular, Plaintiff alleges that "[f]or the purpose of inducing Westchester to execute, as surety, performance and payment bonds for Enviroguard and Clean Air, Defendants, as Principals and Indemnitors, each executed an Agreement of Indemnity dated October 15, 2010." Doc. 1, ¶ 13. In that agreement, appended as Exhibit A [Doc. 1-2, 30-3], "Defendants agreed, among other things, to indemnify Westchester for all amounts it was required to pay or to incur by reason of its execution [of] such performance and payment bonds." Doc. 1, ¶ 13 (internal quotation marks omitted). The agreement further provided that "[p]ayment shall be made to [the] Surety by the Principal(s) and/or Indemnitor(s) as soon as the liability exists or is asserted against [the] Surety, whether or not [the] Surety shall have made any payment therefore." *Id.*, ¶ 14 (quoting agreement).

Plaintiff Westchester states that it "executed as surety for Enviroguard and Clean Air performance and payment bonds (the 'Bonds') for construction contracts to be performed by Enviroguard and Clean Air which the bonds named as principals." *Id.*, ¶ 15. When Plaintiff received claims on the Bonds from bond obligees for amounts owed to them by Enviroguard and Clean Air ("which [defendants] had failed to pay"), Plaintiff "was required to, and did, pay the payment bond obligees a total of $134,186.49." *Id.*, ¶ 16.

In sum, under the indemnity agreement, Defendants were "obligated to indemnify Plaintiff Westchester Fire for the payments made to pay claims under the bonds." *Id.*, ¶ 20. Plaintiff alleges

that "[t]o date, the Defendants have not paid any part of the amount[ ] that Westchester has paid for claims under the Bonds and related expenses" so that the total amount remains "due and owing." *Id*., ¶ 21.

Connecticut law recognizes "contractual indemnification" as a cause of action. *Amoco Oil Co. v. Liberty Auto and Elec. Co.*, 262 Conn. 142, 149-50 (2002). "Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable." *Atkinson v. Berloni*, 23 Conn. App. 325, 326 (1990). In Connecticut, "[a] party may bring an indemnification claim based on the terms of an indemnity agreement." *Lopez v. Chemical Abuse Servs.,* No. CV075010516S , 2008 WL 2169407, at *2 (Conn. Super. Ct. May 7, 2008) (citation omitted). Under those circumstances, the "allegations of contractual indemnification must be supported by the terms of the contract or the contract itself." *Lopez*, 2008 WL 2169407, at *2. "Under Connecticut law, to state a contract-based indemnification claim, the claimant must allege either an express or implied contractual right to indemnification." *Id.* Moreover, "[w]hen an indemnity agreement . . . indemnifies against liability as well as against loss . . . the indemnitee does not have to wait until the loss occurs, but may sue on the agreement as soon as liability is incurred." *Amoco Oil Co.,* 262 Conn. at 149.

"As a general rule, contractual indemnification claims that are based on written agreements are construed in accordance with the principles of contract law." *Lawrence v. Sodexho, Inc.*, No. CV 06 5001264, 2007 WL 447298, at *11 (Conn. Super. Ct. Jan. 25, 2007) (42 Conn. L. Rptr. 843) (citing *PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.*, 267 Conn. 279, 290 (2004)). "The essential elements for a cause of action based on breach of contract are (1) agreement formation, (2) performance by one party, (3) breach of the agreement by the other party, (4) direct and proximate cause, and (5) damages." *Greco Properties, LLC v. Popp*, No. CVH 7628, 2008 WL 482313, at *2

9

(Conn. Super. Ct. Feb. 15, 2008) (citing *McCann Real Equities Series XXII, LLC v. David McDermott Chevrolet, Inc.*, 93 Conn.App. 486, 503-04, *cert. denied*, 277 Conn. 928 (2006)).  *See also Rosato v. Marcardo*, 82 Conn.App. 396, 411 (2004) (the elements for a common-law "breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages").

"[T]o form a contract, generally there must be a bargain in which there is a manifestation of mutual assent to the exchange between two or more parties . . . and the identities of the contracting parties must be reasonably certain." *Ubysz v. DiPietro*, 185 Conn. 47 , 51 (1981) (internal citations omitted).  *See also  BRJM, LLC v. Output Systems, Inc.*, 100 Conn.App. 143, 152 (2007) (same), *cert. denied*, 282 Conn. 917, 925 (2007).

Under Rule 55(b)(1), Fed. R. Civ. P., "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Thus, under Rule 55(b)(1), upon presentation of counsel's affidavit providing  the amount due to Plaintiff, the  Clerk must enter judgment where no defendant is a minor or an incompetent person.

Alternatively, in all other cases, under Rule 55(b)(2), Fed. R. Civ. P., "'the court may conduct such hearings or order such references as it deems necessary and proper....'[; and]  [t]hat rule allows but does not require the district judge to conduct a hearing." *Bricklayers,* 779 F.3d at 189 (quoting *Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir.1991) (emphasis omitted)).   Thus, even when the amount is *not* for a sum certain, rather than holding a hearing, a court may rely on "detailed affidavits and documentary evidence," as well as the allegations set forth in a plaintiff's complaint,

10

to determine the sufficiency of a default judgment claim.[6]  *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993). *See also Action S.A.*, 951 F.2d at 508 (Rule 55(b)(2) "does not require the district judge to conduct a hearing" on damages when there is a basis for damages specified (*e.g.*, affidavits, documentary evidence)); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1993) (district court may forgo an evidentiary hearing "as long as it ensure[s] that there [is] a basis for the damages specified");  *NCM Contracting Group LP v. Asset Recovery Group, LLC*, No. 3:11–cv–1753 (SRU), 2014 WL 2480000, at *2 (D.Conn. June 3, 2014) (holding "exhibits and affidavits are sufficient to award damages for each of [plaintiff's] breach of contract claims") (citing *Fustok*, 873 F.2d at 40).

Here, Plaintiff requests that the Clerk enter default judgment on a "sum certain," pursuant to Rule 55(b)(1), for Plaintiff's actual damages resulting from breach of contract.  Plaintiff has demonstrated that an express indemnity agreement was executed between Defendants and Plaintiff. *See* Doc. 30-3 ("Agreement of Indemnity," executed on October 15, 2010), under which Defendants were named as "Indemnitors" and Plaintiff Western Fire Insurance Company  was named as "Surety." The terms of that agreement indicate the parties' mutual assent to form such a contract and the identities of the contracting parties.  Furthermore, Plaintiff has performed on the contract by executing bonds in the amount of $134,186.49.  Doc. 30-1 (Affidavit of counsel for Plaintiff,

---

[6]  As the Second Circuit explained in *Tamarin*, "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." 13 F.3d at 54.  Thus, in circumstances where there is no proven basis for the damages requested, the court may conduct a hearing to fix the proper amount of damages.  *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997).

Michael A. Savino, Esq.), ¶ 4.[7]  In failing to reimburse Westchester for the aforementioned sum, Defendants have breached the indemnity agreement, resulting in damages to Westchester, in  the amount of the bonds.[8]  In sum, Plaintiff has stated a legal claim upon which relief may be granted.

All non-debtor defendants – namely, Clean Air, Silvermine, and the Marini Defendants – remain in default for failure to appear or defend.  Plaintiff has demonstrated by sworn affidavit of its counsel, that it has incurred a sum certain in damages: namely $134,186.49 for bonds executed as a result of the indemnity agreement.  This is a " a sum certain or a sum that can be made certain by computation, . . . with an affidavit showing the amount due," Fed. R. Civ. P. 55(b)(1).  Under these circumstances, the Court will grant Plaintiff's Motion for default judgment and direct the Clerk to award $134,186.49 in damages, plus interest and costs.[9]

---

[7] The Court accepts Attorney Savino's sworn statements that "[t]he total sum of the bonds executed as a result of this Agreement was in the amount of $134,186.49" and that "[n]o part of the $134,186.49 amount sought by Westchester Fire Insurance Co. has been paid by other parties or other sources."  Doc. 30-1, ¶¶ 4, 30-31.  Savino is an officer of the Court who has sworn and "certif[ied] the statements made by [him] are true."  Doc. 30-1, ¶ 32.  He has also testified in his affidavit that he "understand[s] [that] if the statements made by [him] are false, [he is] subject to punishment."  *Id.*

    Pursuant to Rule 11, Fed. R. Civ. P., "[b]y  presenting to the court a pleading, written motion, or other paper . . .  an attorney . . . certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(3).  If an attorney violates this Rule, he is, as Attorney Savino concedes, subject to sanctions.  *Id.* 11(c).  Absent objection by any defendant regarding the amount of bonds executed, the Court accepts Savino's sworn testimony as proof of  the amount due and owing in this case.

[8]  As set  forth  in the indemnity agreement, "Payment shall be made to SURETY by the PRINCIPAL(s) and/or INDEMNITOR(s) as soon as liability exists or is asserted against SURETY, whether or not SURETY shall have made any payment therefore."  Doc. 30-1, ¶ 3.G.

[9] The Court also  notes that pursuant to the terms of the indemnity agreement at issue, the Surety may also recover for "costs, expenses of whatsoever kind or nature, including, but not limited to  court costs,  counsel fees, costs of investigation, consultant fees, account fees, engineer or

12

As to the remaining defendants, Enviroguard, LLC, Lisa Costantini, and Mark Costantini who are currently debtors in unresolved bankruptcy proceedings, this case will remain stayed pursuant to 11 U.S.C. § 362(a) until their bankruptcy cases are resolved.

### III.  CONCLUSION

Plaintiff's Motion for Entry of Default Judgment [Doc. 30] against all defendants, pursuant to Rule 55(b)(1), Fed. R. Civ. P.,  is GRANTED IN PART and DENIED IN PART.  In light of the failure of the non-debtor defendants –  Clean Air Consultants, LLC, Silvermine Equities, LLC,

---

construction management fees, together with interest thereon at the maximum rate allowed by law" which the Surety sustains due to the actions of the Prinicpals or Indemnitors in failing, *inter alia*, to perform or comply with the agreement. Doc. 30-3, at 3. Moreover, the Surety may explicitly recover for any "[a]ttempt to recover losses or expenses paid or incurred in connection with this Agreement, Contract(s) and/or Bond(s)."  *Id.*, ¶ G.

Although Plaintiff alleges in its Complaint that it "has incurred legal and other expenses in the amount of $13,466.93 in connection with Enviroguard's and Clean Air's failure to pay their bonded obligations," Doc. 1, ¶ 16,  Plaintiff has made no request to recover said amount in its motion for default judgment.  Rather, Plaintiff requests that the Clerk enter default judgment for the "sum certain" of $134,186.49.

Furthermore, even if Plaintiff did seek, for example, to recover, attorneys' fees, Plaintiff has failed to supply the necessary detailed documentation to support such a request.  *See, e.g.*, *New York Ass'n of Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983) (mandating that counsel provide contemporaneous records regarding legal services provided  (name(s) and experience level(s) of counsel, dates, numbers of hours, and description of services rendered) in order to recover attorneys' fees).  In addition, attorneys' fees are not  "sums certain" in that they require a judicial determination as to what constitutes reasonable fees.  *Nat'l Automatic Sprinkler Indus. Apprentice and Training Fund v. H.G. Sprinklers, Inc.,*No. 3:10-CV-252-CSH,  2011 WL 773444, at * 1 (D.Conn. Feb. 25, 2011).

Under these circumstances, pursuant to Plaintiff's request for actual damages, the Court will direct the Clerk to  award the "sum certain" of  $134,186.49 for breach of contract.

Mario Marini, and Michelle Marini – to appear or respond to the Complaint, Plaintiff's well pleaded allegations with respect to each of them are admitted.  Plaintiff's complaint states a legal claim for breach of contract and Plaintiff has proven by its counsel's sworn affidavit, including  presentation of the indemnity agreement, that Plaintiff has incurred "a sum certain" in damages:  $134,186.49 expended in bonds.  These bonds were  executed as a result of the indemnity agreement; and Defendants have violated their obligation to reimburse Plaintiff for these amounts under that agreement.

In granting Plaintiff $134,186.49, the Court will restore  Plaintiff's actual loss.  *See, e.g., ALV Events Int'l v. Johnson*, 821 F.Supp. 2d 489, 495 (D.Conn. 2010) (awarding plaintiff "actual damages" for breach of contract claim) (citing *U.S. Naval Institute v. Charter Communc'ns, Inc.*, 936 F.2d 692, 696 (2d Cir. 1991) ("Since the purpose of damages for breach of contracts is to compensate the injured party for the loss caused by the breach . . . those damages are generally measured by the plaintiff's actual loss. . . .")).

Accordingly, Plaintiff's motion for default judgment is GRANTED under Rule 55(b)(1), Fed. R. Civ. P.,  with respect to Defendants Clean Air, Silvermine, and the Marini Defendants in the amount of $134,186.49, plus interest and costs.[10]

As to the remaining defendants, Enviroguard, LLC, Lisa Costantini, and Mark Costantini,

---

[10]  Plaintiff shall be awarded post-judgment interest in an amount to be determined in accordance with the formula specified in 28 U.S.C. § 1961, the Federal Courts Improvements Act of 1982.  *See  Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir.1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."); *Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 619 (2d Cir. 1996) (prevailing party is entitled to post-judgment interest as a matter of right).  In particular, pursuant to 28 U.S.C. § 1961(a), post-judgment interest must be  "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the . . . Federal Reserve System, for the calendar week preceding the date of the judgment."

who are currently debtors in unresolved bankruptcy proceedings, Plaintiff's Motion for Entry of Default Judgment [Doc. 30] is DENIED due to the bankruptcy stay in effect as to these defendants. The Clerk's entry of default [Doc. 27] against each of *these three particular defendants* is VACATED.   The  case will remain STAYED against them pursuant to  11  U.S.C. § 362(a) until their particular bankruptcy cases are resolved.

**The Clerk is ORDERED to:**

1.   Enter default judgment in favor of plaintiff Westchester Fire Insurance Company against defendants Clean Air Consultants, LLC, Silvermine Equities, LLC, and Mario Marini and Michelle Marini, individually,  in the amount of **$134,186.49**, plus costs (filing fee and service fees for summons and complaint), with interest at the legal rate from the date of entry of judgement.

2.   Vacate the default the Clerk entered [Doc. 27] against defendants Enviroguard, LLC, Lisa Costantini, and Mark Costantini in that the case remains stayed against these three debtor defendants pursuant to the automatic stay of 11 U.S.C. § 362(a) until their bankruptcy cases are  resolved.

3.   Mail a copy of this Ruling by certified mail to: (1) the agent for service for Enviroguard, LLC and Clean Air Consultants:

15

**Mark Costantini**, at 43 Crescent Place, Monroe, CT 06468-

1608;   (2) the agent for service for Silvermine Equities:

**Mario Marini**, at 40 Sturbridge Lane, Trumbull, CT 06611-

1023;[11] (3)   **Mario Marini and Michelle Marini**, at 40

Sturbridge Lane, Trumbull, CT 06611-1023; and (4) **Mark**

**Costantini and Lisa Costantini**, at 43 Crescent Place,

Monroe, CT 06468-1608.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       June 25, 2015

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[11]    Although the Marini Defendants have provided no address of record to the Court, Plaintiff's counsel referenced the Sturbridge Lane, Trumbull, home address for them in submissions on the present motion.  *See* Doc. 30-10 (proof of service of summons and complaint by Connecticut State Marshal Gerald J. Broderick "with and in the hands of" Michelle Marini and "at the usual place of abode" of Mario Marini, at 40 Sturbridge Lane, Trumbull CT 06611).

16